IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CAROL ANN FEKEN-CRISS,**　　　　　　　　　3:11-CV- 00740 RE

　　　　　　　Plaintiff,　　　　　　　　　　　　　**OPINION AND ORDER**

　　v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

　　　　　　　Defendant.

**REDDEN**, Judge:

Plaintiff Carol Ann Feken-Criss ("Feken-Criss") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the

1 - OPINION AND ORDER

Commissioner is reversed and this matter is remanded for the calculation and payment of benefits

## BACKGROUND

Born in 1968, Feken-Criss completed a general equivalency degree, and has worked as a sales clerk, bartender, warehouse worker, and shipping clerk. In June 2005, Feken-Criss filed an application for disability insurance benefits and SSI benefits, alleging disability since June 28, 2005, due to traumatic brain injury, cognitive disorder, hearing loss, depressive disorder, post-traumatic stress disorder ("PTSD") degenerative disc disease, and scoliosis. Her application was denied initially and upon reconsideration. In May 2008, an Administrative Law Judge ("ALJ") found her not disabled. This decision was reviewed and remanded by the Appeals Council. After a second hearing, the ALJ again found Feken-Criss not disabled. Tr. 12. Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Feken-Criss had the medically determinable severe impairments of traumatic brain injury with resulting cognitive disorder, an adjustment disorder, alcohol abuse in remission, PTSD, degenerative disc disease, and scoliosis with thoracic hypokyphosis and lumbar hypolordosis. Tr. 15..

The ALJ determined that Feken-Criss retained the residual functional capacity to perform a limited range of light work, and is limited to simple, repetitive tasks.

The ALJ found that Feken-Criss was unable to perform her past work, but retained the ability to work as a small products assembler, an office helper, or a meter reader. Tr. 30-31.

The medical records accurately set out Feken-Criss's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Feken-Criss contends that the ALJ erred by: (1) failing to obtain the testimony of a medical expert; (2) finding her not entirely credible; (3) improperly weighing physician testimony; (4) improperly rejecting lay testimony; and (5) failing to show that she retains the ability to perform other work.

### I. Medical Expert

Plaintiff argues that the ALJ erred by failing to obtain the testimony of a medical expert. However, the ALJ offered twice to set over the hearing to obtain the testimony of a medical expert, and plaintiff's counsel declined both times. Tr. 37-38, 59-60.

### II. Credibility

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a); 416.929(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)(citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v.*

*Shalala,* 50 F.3d 748, 750 (9th Cir. 1995)(citing *Bunnell v. Sullivan,* 947. F.2d 341, 345-46 (9th Cir. 1991)(*en banc)).*

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen,* 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 883 (9th Cir. 2005).

The ALJ found that Feken-Criss's statements "are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 19. Plaintiff contends that the ALJ's analysis is backwards, and the findings regarding credibility are insufficiently specific.

Plaintiff's argument would be compelling if the ALJ had not provided several other, clear and convincing, reasons to find plaintiff not fully credible. The ALJ noted plaintiff's ability to return to work after her injury, and that her treatment had been generally successful at controlling her symptoms. Tr. 20. The ALJ cited evidence indicating that the plaintiff had not been fully compliant with treatment recommendations, and that substance abuse may have contributed to her work attendance issues. Tr. 21. The ALJ found that plaintiff's activities of daily living were more significant than reported, and there was evidence of exaggerated pain behavior. Tr. 22.

The ALJ identified clear and convincing reasons to find Feken-Criss less than fully credible as to her symptoms and limitations.

### III. Examination of David Gostnell, Ph.D., Clinical Neuropsychologist

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff suffered a traumatic brain injury in a motor vehicle accident in September 1999. Daniel Erb, M.D., reported in October 2004 that plaintiff continued to have visual deficits, decreased hearing in the left ear, left-sided weakness with intermittent numbness of the fingers of the left hand, and excess fatigue. Tr. 458. Dr. Erb stated that she had a disconjugate gaze with left facial weakness, memory deficits, and evidence of frontal lobe dysfunction. *Id.* Plaintiff was working full-time at a liquor store. Plaintiff testified that she was fired from this job in June 2005 because of frequent tardiness and absences.

Dr. Gostnell examined plaintiff in November 2005. Tr. 488-501. He administered standardized tests, and found Feken-Criss cooperative and fully compliant. Tr. 493. Dr. Gostnell stated that the results were "a reliable estimate of her current cognitive and intellectual abilities."

5 - OPINION AND ORDER

Tr. 492-93. He concluded that plaintiff's profile was consistent with her history of brain injury, "given her relative impairment in the areas of language and verbal reasoning, functions that are mediated by the frontotemporal areas of the brain, where she sustained trauma." Tr. 495. He wrote:

> Her difficulties with organization and her incongruent mood symptoms at the time of the evaluation are suggestive of frontal lobe involvement, also consistent with her injury. Although there has apparently been no previous neuropsychological testing, her current scores suggest a good recovery from her injuries. She has only mild impairments of new learning and short-term recall, with broadly normal auditory-verbal memory. She should have minimal difficulty retaining and implementing verbal directions and communicating effectively. Her capacity to withstand work-related stress and to exercise sound judgment are questionable.

Tr. 495-96. Dr. Gostnell found that plaintiff had personality disorder symptoms as well as brain trauma. Tr. 496. He diagnosed Cognitive Disorder associated with Traumatic Brain Injury; post-traumatic stress disorder, by history; Rule Out Borderline Personality Features; Status-Post Left Frontotemporal Brain Trauma; and Seizure Disorder. *Id.*

The ALJ stated that he gave "little weight" to Dr. Gostnell's opinion as to work-related stress and the ability to exercise sound judgment. Tr. 23. The ALJ said that plaintiff "was able to sustain full-time work activity as a sales clerk at a liquor store for a significant amount of time after her head injury. The preponderance of the evidence suggests that the claimant retains the ability to perform simple, entry-level work involving one-to two-step tasks and instructions and only occasional interaction with the public and coworkers." *Id.*

The ALJ's reasoning that plaintiff worked full-time for several years is not a specific and legitimate reason to discount an examining physician's opinion that her capacity to withstand

work-related stress and exercise judgment are questionable. This is particularly true when the claimant was fired for the very deficit identified by the physician.

## IV. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

7 - OPINION AND ORDER

The ALJ's failure to credit the opinion of the examining physician is erroneous for the reasons set out above. The Vocational Expert testified that, if Dr. Gostnell's opinion is credited, Feken-Criss would be unable to maintain employment. Tr. 57-58.

Accordingly, this matter is remanded for the calculation and award of benefits.

## CONCLUSION

For these reasons, the ALJ's decision that Feken-Criss is not disabled is not supported by substantial evidence. The decision of the Commissioner is reversed and this case is remanded for the calculation and the payment of benefits.

IT IS SO ORDERED.

Dated this __/__ day of July, 2012.

JAMES A. REDDEN
United States District Judge